UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASHLEY RASMUSEN,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. C24-5238-SKV<br><br>ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this case with prejudice.

## BACKGROUND

Plaintiff was born in January 1986, has at least a high school education, and has worked as a massage therapist, server, bartender, hostess, teacher aide, and bank teller. AR 26-27. Plaintiff has not been gainfully employed since her alleged onset date. AR 19.

On February 22, 2022, Plaintiff applied for benefits, alleging disability as of July 5, 2019. AR 213. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

requested a hearing.  AR 116-17.  After the ALJ conducted a hearing on March 7, 2023, the ALJ issued a decision finding Plaintiff not disabled.  AR 42, 14-28.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff did not engage in substantial gainful activity during the period between her alleged onset date, July 5, 2019, and her date last insured, December 31, 2022.

**Step two**:  Plaintiff has the following severe impairments: asthma and obesity.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Through the date last insured, Plaintiff could perform light work with limitations: she could only stand or walk up to four hours, could sit for up to six hours, needed to avoid concentrated exposure to nonweather related extreme cold and nonweather related extreme heat, and needed to avoid even moderate exposure to respiratory irritants.

**Step four**:  Plaintiff could have performed past relevant work as a Teacher Aide II through her date last insured.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, Plaintiff was not disabled between her alleged onset date and her date last insured.

AR 19-28.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 2.

//

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**DISCUSSION**

Plaintiff argues the Commissioner "erred when review was denied by the [Social Security] Appeals Council despite Plaintiff's submission of a disabling opinion authored by her treating pulmonologist." Dkt. 11 at 1. The Commissioner argues Plaintiff's new evidence fails to undermine the substantial evidence that supports the ALJ's decision. Dkt. 14 at 1.

  A. **The Commissioner did not err because the ALJ's decision remains supported by substantial evidence.**

The Court lacks jurisdiction to review a decision made by the Appeals Council to deny a request for review of an ALJ's decision. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (citing *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011)). That is because an Appeals Council decision constitutes "a non-final agency action." *Id.* Once the Appeals Council denies review, however, the ALJ's decision becomes the final decision of the Commissioner and the Court has jurisdiction to review that decision for

1  substantial evidence based on the administrative record. *Id.* at 1161-62. Accordingly, "the
2  Appeals Council's reasoning for denying review is not considered on judicial review." *Luther v.*
3  *Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018).

4  Instead, where, as here, the Appeals Council "considers" the new evidence "in denying
5  review of the ALJ's decision, the new evidence is part of the administrative record, which the
6  [Court] must consider in determining whether the Commissioner's decision is supported by
7  substantial evidence." *Brewes*, 682 F.3d at 1159-60. The issue before the Court, therefore, is
8  more appropriately framed as "whether the ALJ's decision remains supported by substantial
9  evidence" in light of the new evidence. *See Williams v. Berryhill*, 2018 WL 6737511, at *3
10 (W.D. Wash. Apr. 19, 2018). The answer to this depends on whether there is a "reasonable
11 possibility that the new evidence would have changed the outcome of the determination." *Luna*
12 *v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010) (cleaned up).

13 On April 25, 2023, the ALJ issued an unfavorable decision finding that Plaintiff was not
14 disabled between her alleged onset date, July 5, 2019, and her date last insured, December 31,
15 2022. AR 14-28. On June 27, 2023, Plaintiff submitted to the Appeals Council a pulmonary
16 medical source statement completed by her treating pulmonologist, Gretchen Ta, ARNP. AR 37-
17 41. The statement was dated March 9, 2023, two days after Plaintiff's hearing before the ALJ
18 and just over three months after her date last insured. *Id.*; *see also* AR 19. In denying review,
19 the Appeals Council considered the medical source statement along with the rest of the
20 administrative record and found it was not reasonably probable the new evidence would change
21 the outcome of the ALJ's decision. AR 2.

22 Despite this, Plaintiff argues that the Appeals Council "failed to comply with its own
23 regulations" by denying review "rather than granting review to evaluate the opinion." Dkt. 11 at

6; Dkt. 15 at 2.  But Plaintiff's argument holds no water.  The regulation she cites in support, 20 C.F.R. § 404.970, does not require the Appeals Council to *grant review* for the purpose of evaluating new evidence.  Moreover, as discussed above, and as conceded by Plaintiff, the Appeals Council's decision to not grant review is not subject to judicial review.  Dkt. 11 at 7; Dkt. 15 at 2.

Plaintiff further argues Ms. Ta's medical source statement "would change the outcome of the [ALJ's] decision, and as such, the Court should remand for proper consideration of [it]."  Dkt. 11 at 9.  She contends Ms. Ta's statement "provides very specialized functional opinions" and that "[s]uch a detailed opinion is not otherwise present in the record."  *Id.* at 8.  But while some parts of Ms. Ta's opinion are consistent with the medical record, many of her conclusions are rebutted by it.  For example, Ms. Ta opines that Plaintiff could not walk more than one block before needing to rest or experiencing pain.  AR 35.  Yet in January 2022, Plaintiff reported walking her son all the way to school.[3]  *Id.* at 4, n. 1; *see also* AR 324.  And in June 2022, Plaintiff reported a "huge improvement" in her symptoms, to the degree that she was able to ride an e-bike from Bremerton to Poulsbo.  *Id.* at 3-4; *see also* AR 24, 470.  Finally, in February 2023, she confirmed at an appointment with Ms. Ta that her "[s]ymptoms have remained well controlled."  *Id.* at 4; *see also* AR 24, 501.  Ms. Ta also stated Plaintiff had "two significant flares" of asthma in the 12 months preceding her opinion, which she wrote in early March 2023.  Dkt. 14 at 4; *see also* AR 34.  But again, that is not reflected in the medical record.  In June 2022, Plaintiff reported she had only needed one course of Prednisone since January 2022.  *Id.*; *see also* AR 470.  And she confirmed in February 2023 that she had not needed her nebulizer since her last visit.  *Id.*; *see also* AR 501.

---

[3] Plaintiff did report some chest tightness while walking her son to school, but this was while she was being treated for an upper respiratory infection.  *Id.*

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

Plaintiff correctly points out that "Ms. Ta's records repeatedly documented how severe and persistent her asthmatic condition was" during the relevant period, but that argument is unavailing.  Dkt. 11 at 9-10.  Ms. Ta's treatment records were part of the administrative record the ALJ considered when issuing her decision, and based on that record, the ALJ concluded Plaintiff was not disabled.  *See*, *e.g.*, AR 21, 23-25, 404-69.  At bottom, none of Plaintiff's arguments show how Ms. Ta's opinion undermines the ALJ's decision here.  Plaintiff notably does not argue the ALJ's decision was not supported by substantial evidence in the first place, and the Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).

The Commissioner contends Ms. Ta's medical source statement "would not change the fact that substantial evidence supported the ALJ's decision in this case." *Id.* at 2-3.  The Court agrees.  The regulations provide that "[t]he more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be."  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  Given the inconsistencies between Ms. Ta's opinion and the medical evidence in the record, the Court finds it unlikely the ALJ would be so persuaded by the opinion as to change the outcome of her determination.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 30th day of September, 2024.

S. KATE VAUGHAN
United States Magistrate Judge